FILED
U.S. DISTRICT COURT
DISTRICT OF COLORADO

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

2017 JUN -2 PM 2: 38

Vicki Dillard Crowe,

Plaintiff,

Vs.

Jeffrey D. Servin, Esq. &

Servin Associates,

Defendants.

Case No.

JEFFREY P. COLWELL
CLERK

BY_____DEP. CLK

'17 - CV - 01344

## COMPLAINT

Comes Now, appearing *pro se*, Vicki Dillard Crowe, Plaintiff, files her Complaint and states the following:

1.  Plaintiff was the victim of Jeffrey D. Servin, Esq. and his law firm, Servin

    Associates' ("Defendant," "Servin," "Defendants"), ongoing scheme to defraud

    Plaintiff and other religious organizations of money, thus being deprived of the right

    of honest services.  Plaintiff has standing to bring this Complaint under civil RICO 18

    U.S.C. § 1964, although such actions made by Servin were also criminal in nature.

    Plaintiff seeks damages pursuant to the Civil Rights Attorney's Fee Award Act of

    1976, 90 Stat. 2641, as amended 42 U.S.C. § 1988, 18 U.S.C. § 1341, 18 U.S.C. §

    1343, 18 U.S.C. § 1344, 28 U.S.C. § 1331, 28 U.S.C. § 1332, inter alia.

## PARTIES

2.  Plaintiff, Vicki Dillard Crowe, was at all times material to the allegations in this

    Complaint a Resident of the state of Colorado, and conducted the transaction listed

    herein in the city of Denver, the state of Colorado.  Plaintiff's current mailing address

    is also located in Colorado.

3.  Defendants Jeffrey D. Servin, Esq. and Servin Associates were at all times relevant to the Complaint a Resident and/or principally operating in the city of the Philadelphia, the state of Pennsylvania.  The principal address for both is: 1500 Market Street, 12th Floor, East Tower, Centre Square, Philadelphia, PA 19102 and 1800 JFK Boulevard, Suite #300, Philadelphia, PA 19103.  (Plaintiff included the latter address, as Defendants' new website reflects such.)

## JURISDICTION

4.  Jurisdiction is proper under 18 U.S.C. § 1341, 18 U.S.C. § 1343, 18 U.S.C. § 1344, 28 U.S.C. § 1331, 28 U.S.C. § 1332, 18 U.S.C. § 1964.

## BACKGROUND

5.  On or about May 4, 2007, Plaintiff entered into an official contract with Jeffrey D. Servin, Esq. and James L. Walton ("the partners") for financing of a property to include religious and community purposes.  SEE EXHIBIT 1, Page 3 for the final signing and official entry of contract.  Plaintiff was told that the "non-conventional" financing to be provided by the partners was specially geared for religious organizations, churches and ministries.  From the incipiency of the agreement, Plaintiff was led to believe that the partners were brokers, thus in need of being compensated for their services.  Due to the fact that the purported financing was non-conventional and to show good faith, the partners required Plaintiff to front a portion of their fees outside of the loan funding.  They further indicated that the rest of their fee would be taken out of the loan funding upon closing.

6.  There was a combination of reasons why Plaintiff and Plaintiff's former spouse/business partner decided to discontinue working with the partners.  After

unwittingly wiring funds (in excess of the amount listed on the contract) into Jeffrey

D. Servin, Esq.'s IOLTA account through the administration and supervision of

Servin Associates; after mailing additional funds in the form of a money order; being

asked to do what Plaintiff suspected to be inappropriate or inaccurate; placing

Plaintiff and former business partner in a precarious predicament; and finally, after

not receiving timely responses and correspondence from the partners, Plaintiff asked

for a refund of her money.

7.   Upon making the refund request to Servin, he promptly stated he would speak to his

partner, James L. Walton ("Walton") and get back with Plaintiff. This he did not do

in a timely fashion, thus causing Plaintiff great concern and anxiety. After Plaintiff

finally received a response from the Defendant, he began to distance himself from his

**direct** and **explicit** involvement and modified his title from "partner" to "attorney for

my client (Walton)." Plaintiff received numerous pages with Servin's credentials,

provided in an attempt to display Servin's vast knowledge and expertise to the

financing and business to which we were engaged.

8.   The Defendants and Walton began to avoid Plaintiff by ignoring her calls (and others)

and only responding after long delays. After scrutinizing Servin, Servin Associates

and Walton, Plaintiff learned that several other religious organizations were victims

of their scheme and referred Plaintiff to others who experienced this pattern of fraud

and deceit. Due to Plaintiff's consistent investigatory efforts and upon information

and belief, she believes James L. Walton has since deceased.

9.   Plaintiff is entitled to relief, as she was defrauded of money from her banking

institution by the Defendants, who were in direct receipt of the wired funds. The

Defendants recklessly and deliberately used the wiring system and FedEx to advance their scheme.   Servin, as an officer of the court and with a depth of knowledge of the law, knew or should have known that he initiated, administered, received and personally benefited from funds in violation of both state IOLTA rules and federal standards, among other rules/laws.

10.   As a result of the role in the scheme perpetrated by Servin, who was a licensed attorney in two states, Plaintiff has suffered greatly.  Plaintiff experienced great financial loss, income and earnings, constant mental anxiety and emotional injuries as a result of being defrauded and taken advantage of, inter alia.

11.   Plaintiff has contacted numerous authorities in order to expose the pattern of deceit and fraud the Defendants ostensibly and regularly engaged in.  One state law enforcement organization suggested that Plaintiff bring this action.

12.   If it pleases the Court, and in an attempt to mitigate costs, Plaintiff intends to call several persons to testify telephonically or personally if feasible, to their injurious experience with Servin's partnership scheme.

13.   Servin, along with his partner, have consistently defrauded a number of religious organizations.  Servin has established a clear pattern of fraud and deceit against those who are similarly situated to Plaintiff.  Plaintiff has spoken directly to Rev. Lightsey of St. Mary Missionary Baptist Church of Mims, Florida.  He agreed to testify concerning funds that his religious organization wired and they have yet to receive any assistance or hear back concerning his funds.  Plaintiff has spoken to a builder by the name of Mr. J. Stokes.  Though he has only limited knowledge, he is aware of a connection of between both Servin and Walton and is aware of at least one complaint

made by a religious organization representative.  Plaintiff is also aware of a broker

who is licensed in nearly all fifty states who has direct knowledge of complaints

regarding their ongoing scheme that the Defendants are most certainly apart of.

Plaintiff intends to personally call a local minister to testify to the deceit and fraud,

for he made direct contact with Servin's partner and was told that they would indeed

refund some of the monies.  (SEE ATTACHED AFFIDAVIT/EXHIBIT 7.)

### FIRST CLAIM FOR RELIEF

### WIRE FRAUD 18 U.S.C. § 1964; 18 U.S.C. § 1343

14.  Paragraphs 1 through 13 above are hereby incorporated herein by reference as though

    fully set forth in this cause of action.

15.  Plaintiff claims damages against Jeffrey D. Servin, Esq. and Servin Associates for

    monetary loss due to wire fraud.  Servin, by and through Servin Associates,

    perpetrated a scheme and defrauded Plaintiff of money using the federal wiring

    system.  SEE EXHIBIT 2, for such is the direct wire confirmations of domestic wire

    transfers from WAMU bank, indicating Servin's direct receipt of funds in 4 different

    wires.

16.  Neither Jeffrey D. Servin, Esq. or his partner or company (-ies) are listed in the

    Colorado Secretary of State as licensed to do business here.  Servin is an attorney and

    knew or should have known that his law firm and business was not registered with the

    state of Colorado, thus conducting unlawful interstate commerce.

17.  Unwittingly, Plaintiff wired Defendant **$9,650.00**, *later* learning that an IOLTA

    accounts are a special "holding" and interest bearing account.  As is evident in

    EXHIBIT 1, Page 2, Part B of the contract, Defendants should have only received

**$9,500.00.** Pennsylvania, the state in which Plaintiff is presently a licensed attorney, IOLTA account standards are particular and require the highest standards and adherence. According to The Pennsylvania Interest on Lawyers Trust Account Board regarding the purpose of an IOLTA account: "Clients and others frequently transfer monies to lawyers to hold. When the amount is large or if the funds will be held for an extended period of time, lawyers invest them for the benefit of the owner. But when the funds are small or expected to be held for a short time, they cannot practically be invested to benefit the owner of the funds. These funds are 'qualified funds.'" It should be noted that the provisions promised within said contract, on its face, were not duly met and Servin initially and medially represented himself as a partner.

18.     Based upon Plaintiff's reading of Pennsylvania's IOLTA standards, attorneys must file annual reports of said accounts and provide the beneficial owner (which Plaintiff presumes to be) an accounting of the funds. Further, it appears that attorneys <u>must not personally benefit</u> from said IOLTA funds. Not only did Servin personally benefit, but he clearly and unequivocally blurred the lines of the type of account (and the purpose) Plaintiff was wiring funds into. SEE EXHIBIT 1, Page 3, Section 1, for the terms "retainer/commission" and "IOLTA" were used. Which is it? Such was not elucidated upon by the Defendants at the time of receipt. The fact that Plaintiff wired said funds into the Defendants account proves that Plaintiff was told that Servin was a partner. Why else would Plaintiff have wired him funds? Servin never served as attorney and counsel for Plaintiff. How did Servin account to the PA Supreme Court and/or regulatory agencies the additional and unsubstantiated funds he received

in his IOLTA account?   Clearly, <u>Servin did not adhere to any of these standards</u>. Plaintiff was duped and defrauded from the commencement of this contract; and further, she was never informed that Servin had certain standards that he must meet. Plaintiff trusted that Servin - who was once an officer of the court for two states – would be integral and conduct business honestly.  Plaintiff, believing Servin's status as an attorney was an asset, was sorely *mistaken* and *taken advantage* of Defendants through fraud, inter alia.

19.   Plaintiff is entitled to damages to be proven at trial.

## SECOND CLAIM FOR RELIEF

### MAIL FRAUD 18 U.S.C. § 1964; 18 U.S.C. § 1341

20.   Paragraphs 14 through 19 above are hereby incorporated herein by reference as though fully set forth in this cause of action.

21.   SEE EXHIBIT 3, for such is a copy of the original FedEx package, along with the tracking number, Plaintiff received from the partners.  Such is one of the means by which the scheme was perpetrated, for it contained a contract.

22.   EXHIBIT 3 corroborates Plaintiff's claim that <u>both</u> Servin and Walton consistently represented that they were partners, for the face of the FedEx envelop clearly lists the Sender's name as "James Walton & Jeffrey D. Servin, Esq." and the Sender's address is clearly the Defendants principal office/address!

23.   The United States Postal Service was also used to mail Walton, Servin's partner, a money order for $250.00, SEE EXHIBIT 4.

24.   Servin deliberately and knowingly defrauded Plaintiff by use of the United States

Postal mailing system.  Plaintiff is entitled to damages due to injuries and loss – an

amount to be proven at trial.

## THIRD CLAIM FOR RELIEF

## BANK FRAUD 18 U.S.C. § 1344

25.   Paragraphs 20 through 24 above are hereby incorporated herein by reference as

though fully set forth in this cause of action.

26.   Servin willfully and knowingly used not only Plaintiff's bank (WAMU) to further the

scheme delineated herein, but he also used his bank (ROYAL BANK OF PA/

ROYAL BANK AMERICA) housing his IOLTA account.  SEE EXHIBIT 1, Page 3,

Section 1 & 2 and SEE EXHIBIT 2, as both banks are listed therein.

27.   Plaintiff is entitled to damages for loss and injuries to be proven at trial.

28.   SEE EXHIBIT 5, for such is a Quarterly Discipline Report from 2008 from the

Pennsylvania Office of Attorney Ethics.  On Page 2 of EXHIBIT 5 "Jeffrey D.

Servin" is listed as having been disciplined.  Plaintiff believes such is relevant, for it

speaks to the veracity of her claims of Servin's character and inappropriate behavior.

29.   SEE EXHIBIT 6, for it appears to be a direct admission of "retainer" impropriety by

Servin.  Such is relevant to Plaintiff's claim that Servin did not and does not seem to

adequately adhere to requisite standards and rules of the law.

30.   Based on research and upon information and belief, Plaintiff believes that Servin has

been disbarred from practiced in the state of New Jersey.  This search appears to be

listed under: "SUPREME COURT OF NEW JERSEY D-64 September Term 2007

IN THE MATTER OF JEFFREY D. SERVIN, AN ATTORNEY AT LAW (Attorney No. 029261976) ORDER The Disciplinary Review Board having filed with the Court its decision in DRB 07-168." Again, this confirms impropriety and unduly actions of Servin, thus such is apposite to this action.

## PRAYER FOR RELIEF

31. Not only have Servin and Servin Associates engaged in a pattern of unlawful interstate commerce, for his firm and related companies and partnerships are not registered with the state of Colorado to do business, but he clearly and consistently engaged in blatant RICO violations. It is also clear that he did not comply with the strict standards of PA IOLTA rules and protocols, inter alia.

32. WHEREFORE, Plaintiff requests the following relief: an award for direct funds wired to Jeffrey D. Servin's, Esq. IOLTA account and Defendants, wiring costs, punitive damages, interest, loss of income, statutory damages, general damages, special damages, reasonable attorneys fees and legal costs, along with any other relief the Court deems appropriate.

Respectfully submitted this 2nd day of June, 2017.

Vicki Dillard Crowe

**Plaintiff's Contact information:**

Vicki Dillard Crowe, *pro se* Plaintiff
P.O. Box 460473
Glendale, CO 80246
vickidillardcrowe@gmail.com
(303)507-0602

# THE LUKE 14:28-29 GROUP, LLC.

*God's Way... The Only Way*

## INTERNATIONAL FINANCING AND CONSULTANTS PROGRAMS

JAMES L. WALTON, FOUNDER & CEO

**MAILING ADDRESS:**
811 S. 49TH STREET
SUITE # 1
PHILADELPHIA, PA 19143-3401
PHONE: 1-267-531-7727
FAX: 1-267-531-7726
CELLULAR: 1.215.715.3310

*NOTE: ALL FINANCIAL INFORMATION RECEIVED BY THE LUKE 14:28-29 GROUP, LLC, MUST BE VERIFIED BY YOUR CPA AND A TITLE SEARCH MUST BE CONDUCTED ON ALL PROPERTY THAT WILL BE USED AS COLLATERAL FOR YOUR PROJECT.

## FINANCIAL AND ADMINISTRATIVE CONSULTANT FEE AGREEMENT

### PRELIMINARY LOAN APPROVAL

AMOUNT $ **2,300,000.00**

DATE: **April 27, 2007**

**Congratulations and welcome aboard.** As a result of the timeliness in which your Organization

has provided us with needed Financial Information. We are happy to inform you that your Organization,

**Crowe's Nest, LLC.,** and its' Minister, **Vicki Crowe,** have been conditionally approved for

$ **2,300,000.00**, based on your Organization's Financial Information that was received, to

date, in your Application. This is an Agreement between **Crowe's Nest, LLC,**

and its' Minister, **Vicki Crowe**, and The Luke 14:28-29 Group, LLC, Mr. James L. Walton,

President & CEO, 811 S. 49TH Street, Suite #1, Philadelphia, PA 19143-3401.

Let it be the understanding of your Organization, as named above and its' Minister, **Vicki Crowe**, as

named above, that The Luke 14:28-29 Group, LLC and James L. Walton, who will be personally

administering all activities of the above named Organization and its' Minister, **Vicki Crowe**, on

behalf of The Luke 14:28-29 Group, LLC (hereinafter known as "Consultant") will/has render(ed)

the following services/information in the following manner:

*EXHIBIT 1*
*1 of 3*

1

<u>**THE LUKE 14:28-29 GROUP, LLC**</u>

<u>**THE LUKE 14:28-29 GROUP, LLC PROVIDE THE FOLLOWING SERVICES AS YOUR**
**CONSULTANTS:**</u> (All Services are Advisory, ONLY your Organization has Total Control.)

**A.    FINANCIAL CONSULTANT**

    1.    Consultation of the Feasibility of Financing Capabilities of the Organization.

    2.    Have received and reviewed, <u>**Crowe's Nest, LLC,**</u> information submitted to Mr. James L Walton, by Minister, Vicki Crowe.  The information received, as stated must be accurate and true.

    3.    We have placed and filed your Organization's Financial Application with a Qualified Established Lender.

    4.    **Your loan will be all of the following:**
        a)  Open Ended type of Mortgage- 15 years
        b)  Fixed Rate for the Life of the Mortgage-8.0 % , based upon completion of paperwork, ASAP (35 Days from the full execution of this agreement)
        c)  No Balloons
        d)  No Personal Official Organization's Member's Signatures required  as Loan Guarantors
        e)  No Pre-Payment Penalty
        f)  Organization's mortgage will be secured by it's own property-the **Mansion**
        g)  Funding usually received within 90 days or less
        h)  Lender will work with your Organization's Minister and appointed personnel , to design the best possible Loan Package

**B.**

*The below indicated Retainer/Breaking of Escrow Fee for Consulting Financing Services-shall automatically be deemed Non-Refundable upon issuance by a qualified and established lending source of its usual conditional financing commitment for the above organization's project.*

    1.    **The Luke 14:28-29 Group, LLC consultant fee for Financial and Administrative and Consulting Services is, <u>2.5 %</u> of the total amount borrowed and received for services for transactions of this type.  In this case, the amount secured is $ <u>2,300,000.00</u>, which $ <u>57,500.00</u> would be our Consultant Fee.  In the event said amount is raised or reduced, said fee will be so adjusted and placed on a New Contractual Agreement for your Organization.  Please initial,**  _____

    2.    **Consultant's Fee shall be made in two (2) payments as follows:**

        a) **Retainer Fee**    Due:  May 1, 2007      $ <u>9,500.00</u>____
                             (Tuesday)      (Proof of FAXED)

        b) **Upon Breaking of Escrow**
           (Your Organization receiving their Loan)      $ <u>48,000.00</u>____

**THIS PAYMENT REPRESENTS THE FINAL FEES DUE CONSULTANT ON THIS LOAN.**

*Exhibit 1*
*2 of 3*

**THE LUKE 14:28-29 GROUP, LLC**   *2700.00 6/11/07*

*NW/ $4,250.00 on 5/4/07 diff. on 7/10/07*

1. The first (a) retainer/commission fees of $9,500.00, to be first faxed with this signed agreement and proof of the bank wire transfer paper, by your Minister, (for the sake of time), to our office, our fax number is:  (215-654-0357), This payment will be paid to: **Jeffrey D. Servin, Esq., (For Lawyers Trust Acct., Board-IOLTA), Royal Bank of PA, 30 S. 15th Street, Philadelphia, PA 19102, Routing No. 031901097, Escrow Account #1162394.**

*due $2350 $1800 6/8 8900 6/8*

2. The Final Consultant Commission Fee of **$48,000.00** is to be paid via Bank Wire Transfer by the Trust Company, who will use this signed agreement as authorization to make the final payment according to this signed dated agreement. This final payment will be paid to: **Jeffrey D. Servin, Esq., (For Lawyers Trust Acct., Board-IOLTA), Royal Bank of PA, 30 S. 15th Street, Philadelphia, PA 19102, Routing No. 031901097, Escrow Account #1162394.**

NOTE: The only funds put out by your Organization in regards to this loan will be the first retainer (a), The Luke 14:28-29 Group, LLC., will receive no additional payment/fee until you have closing of this loan at which time our final payment will come out of the loan itself. _____ (Initial)

Pastor, please place your initials everywhere you see my initials, throughout this agreement.

I have read and fully understand this contractual agreement for the financing of my Organization's project:

_____   _____
MINISTER                                 JAMES L. WALTON, President  & CEO

*Crome's Nest — On Purpose*
NAME OF ORGANIZATION
*950 Logan St Denver CO 80203*
ADDRESS
*5/4/07*
DATE

*EXHIBIT 1*
*3 of 3*

3



**Washington Mutual**

*Lor. 4 (wire Xfer made)*
*To Jeffrey S. Servin*

## Confirmation of Domestic Wire Transfer Order

| Customer Information: | | Date: | 05/04/2007 |
|---|---|---|---|
| Name:   VICKI R DILLARD-CROWE | | | |
| Authorized Representative Name: | | | |
| Address: | | | |
| 950 LOGAN ST | DENVER, CO  802033009 | | |
| Fax Number: | Phone Number:   (303) 725-9020 | | |

**WIRE APPROVAL/CONFIRMATION AND FC INFORMATION:**

| Name: DENVER - FIREHOUSE SQUARE | Phone Number:   (303) 744-1081 |
|---|---|
| Address: | |
| 1038 E 6TH AVE STE A | DENVER, CO  802183303 |

Fax/Phone Wire Request Confirmed with (Customer/AR/AIF):

Time:        Date:              FC Representative Name:

---

Thank you for banking with Washington Mutual.

This serves as a confirmation for  a Domestic Wire
Your account will be debited on:        05/04/2007

You must contact the Bank immediately at the center noted above if any information contained in this confirmation is inconsistent with your records.

|  | |
|---|---|
| Beneficiary Bank: | ROYAL BANK AMERICA |
| Beneficiary Name: | JEFFREY D SERVIN ESQ |
| Beneficiary Account Number: | 1162394 |
| Wire Amount: | $4,250.00 |

| | |
|---|---|
| By Order of: | VICKI R DILLARD-CROWE |
| Amount Debited: | $4,270.00 |
| Fee: | $20.00 |

Transaction Reference Number:        VB00023278200888

Account number:        030900004125553

Agent Name: JASON MCWILLIAMS

*EXHIBIT 2*
*1 of 4*

32060m (04/08)

 **Washington Mutual**

## Confirmation of Domestic Wire Transfer Order

| Customer Information: | | Date: 06/01/2007 |
|---|---|---|
| Name:   CROWES NEST/CROWES HOUSEHOLD, LLC | | |
| Authorized Representative Name:   VICKI R DILLARD-CROWE | | |
| Address: | | |
| 45 S GARFIELD ST | DENVER, CO 802093115 | |
| Fax Number: | Phone Number:   (303) 725-9020 | |

**WIRE APPROVAL/CONFIRMATION AND FC INFORMATION**

| Name:  DENVER - FIREHOUSE SQUARE | Phone Number:   (303) 744-1081 |
|---|---|
| Address: | |
| 1038 E 6TH AVE STE A | DENVER, CO 802183303 |

Fax/Phone Wire Request Confirmed with (Customer/AR/AIF):

Time:          Date:              FC Representative Name:

---

Thank you for banking with Washington Mutual.

This serves as a confirmation for  a Domestic Wire

Your account will be debited on:            06/01/2007

You must contact the Bank immediately at the center noted above if any information contained in this confirmation is inconsistent with your records.

|  |  |
|---|---|
| Beneficiary Bank: | ROYAL BANK AMERICA |
| Beneficiary Name: | jeffrey d servin esq |
| Beneficiary Account Number: | 1162394 |
| Wire Amount: | $2,700.00 |

|  |  |
|---|---|
| By Order of: | VICKI R DILLARD-CROWE |
| Amount Debited: | $2,720.00 |
| Fee: | $20.00 |

Transaction Reference Number:    VB00023271169388

Account number:    030900004125553

Agent Name: VALERIE SHERMAN

*EXHIBIT 2*

*2 ᴏꜰ 4*

32060m (04/08)

# ☷ Washington Mutual

## Confirmation of Domestic Wire Transfer Order

| Customer Information: | | |
|---|---|---|
| Name:    CROWES NEST/CROWES HOUSEHOLD, LLC | | Date:   06/05/2007 |
| Authorized Representative Name: | | |
| Address: | | |
| 45 S GARFIELD ST | DENVER, CO  802093115 | |
| Fax Number: | Phone Number:   (303) 725-9020 | |
| WIRE APPROVAL/CONFIRMATION AND FC INFORMATION: | | |
| Name: DENVER - FIREHOUSE SQUARE | Phone Number:   (303) 744-1081 | |
| Address: | | |
| 1038 E 6TH AVE STE A | DENVER, CO  802183303 | |
| Fax/Phone Wire Request Confirmed with (Customer/AR/AIF): | | |
| Time:      Date:      FC Representative Name: | | |

Thank you for banking with Washington Mutual.

This serves as a confirmation for  a Domestic Wire
Your account will be debited on:      06/05/2007

You must contact the Bank immediately at the center noted above if any information contained in this confirmation is inconsistent with your records.

| | |
|---|---|
| Beneficiary Bank: | ROYAL BANK AMERICA |
| Beneficiary Name: | JEFFREY D SERVIN ESQ |
| Beneficiary Account Number: | 1162394 |
| Wire Amount: | $1,800.00 |

| | |
|---|---|
| By Order of: | CROWES NEST/CROWES HOUSEHOLD, LLC |
| Amount Debited: | $1,820.00 |
| Fee: | $20.00 |

Transaction Reference Number:      VB00023275052393

Account number:      030900004125553

Agent Name: JASON MCWILLIAMS

*EXHIBIT 2*
*3 of 4*

32060m (04/06)

# Washington Mutual

### Confirmation of Domestic Wire Transfer Order

| Customer Information: | | |
|---|---|---|
| Name:   CROWES NEST/CROWES HOUSEHOLD, LLC | | Date:   06/06/2007 |
| Authorized Representative Name: | | |
| Address: | | |
| 45 S GARFIELD ST | DENVER, CO  802093115 | |
| Fax Number: | Phone Number:   (303) 725-9020 | |

**WIRE APPROVAL/CONFIRMATION AND FC INFORMATION:**

| Name: SMOKY HILL | Phone Number:   (720) 870-0218 |
|---|---|
| Address: | |
| 20239 E SMOKY HILL RD | CENTENNIAL, CO  800153113 |

Fax/Phone Wire Request Confirmed with (Customer/AR/AIF):

Time:        Date:             FC Representative Name:

Thank you for banking with Washington Mutual.

This serves as a confirmation for  a Domestic Wire
Your account will be debited on:        06/06/2007

You must contact the Bank immediately at the center noted above if any information contained in this confirmation is
inconsistent with your records.

| Beneficiary Bank: | ROYAL BANK AMERICA |
|---|---|
| Beneficiary Name: | Jeffrey D Servin Esq |
| Beneficiary Account Number: | 1162394 |
| Wire Amount: | $900.00 |

| By Order of: | CROWES NEST/CROWES HOUSEHOLD, LLC |
|---|---|
| Amount Debited: | $920.00 |
| Fee: | $20.00 |

Transaction Reference Number:        VB00020104103573

Account number:        030900004125553

Agent Name: RITA GLEYZER

*EXHIBIT 2*
*484*

32060m (04/06)



EXHIBIT 3



EXHIBIT 4

OFFICE OF ATTORNEY ETHICS
QUARTERLY DISCIPLINE REPORT
(1/1/2008 to 3/31/2008)

**DISBARMENT (5)**

| ATTORNEY | ADMITTED | LOCATION | DECIDED | EFFECTIVE |
|---|---|---|---|---|
| Becker, Heywood E. | 1979 | Hunterdon | 02/20/2008 | 02/20/2008 |
| Canton, Ricardo A. | 1981 | Middlesex | 01/08/2008 | 01/08/2008 |
| Franks, Harry Elwood Jr. | 1989 | Atlantic | 02/05/2008 | 02/05/2008 |
| Lynch, Gerald M. | 1977 | Middlesex | 01/08/2008 | 01/08/2008 |
| Szegda, Michael A. | 1983 | Bergen | 02/20/2008 | 02/20/2008 |

**DISBARMENT BY CONSENT (6)**

| ATTORNEY | ADMITTED | LOCATION | DECIDED | EFFECTIVE |
|---|---|---|---|---|
| Feinerman, David Alan | 1989 | Burlington | 02/08/2008 | 02/08/2008 |
| Hussain-El, Amin Khalil | 1987 | Essex | 02/29/2008 | 02/29/2008 |
| Lagasi, Anthony J. | 1984 | Essex | 03/05/2008 | 03/05/2008 |
| Lambert, Bernard | 1979 | Essex | 02/26/2008 | 02/26/2008 |
| Masson, Eugene D. | 1981 | Morris | 03/12/2008 | 03/12/2008 |
| Perris, Nina E. | 1985 | Mercer | 03/26/2008 | 03/26/2008 |

**SUSPENSION TERM (17)**

| ATTORNEY | ADMITTED | LOCATION | DECIDED | EFFECTIVE |
|---|---|---|---|---|
| Armotrading, Gregory P - 6 Mo. | 1995 | Florida | 02/04/2008 | 02/04/2008 |
| Avery, Diane S.- 3 Mo. | 1981 | Bergen | 03/18/2008 | 03/18/2008 |
| Bernardino, Jose Victor - 12 Mo. | 1999 | Pennsylvania | 02/26/2008 | 02/26/2008 |
| Boyer, David Wayne - 3 Mo. | 1992 | Mercer | 02/26/2008 | 02/26/2008 |
| Flynn, Kevin John - 12 Mo. | 1987 | Pennsylvania | 03/05/2008 | 03/05/2008 |
| Hawn, Gregory G.- 3 Mo. | 2003 | District Of Columbia | 02/13/2008 | 02/13/2008 |
| Holland, Antoinette Renee-3 Mo. | 1993 | Essex | 03/10/2008 | 04/11/2008 |
| Kivler, Russell T.- 36 Mo. | 1973 | Mercer | 01/18/2008 | 01/18/2008 |
| Le Blanc, Wilfrid Jr. 3 Mo. | 1998 | Union | 02/04/2008 | 02/04/2008 |
| Moore, Patrick J.- 12 Mo. | 1989 | Pennsylvania | 03/11/2008 | 03/11/2008 |
| Perez, Abad A.- 3 Mo. | 1987 | Hudson | 02/04/2008 | 02/04/2008 |
| Sarmiento, Ramon - 3 Mo. | 2005 | Florida | 03/10/2008 | 12/01/2006 |
| Sharma, Neal - 3 Mo. | 1992 | Mercer | 02/26/2008 | 02/26/2008 |
| Thomas, Anthony N.- 12 Mo. | 2000 | Pennsylvania | 01/15/2008 | 01/15/2008 |
| Waldron, James A.- 6 Mo. | 1970 | Cape May | 02/15/2008 | 02/15/2008 |
| Wargo, Kathleen D.- 12 Mo. | 1987 | Morris | 03/11/2008 | 03/11/2008 |
| Wood, Scott Jeffrey - 12 Mo. | 1988 | Burlington | 02/13/2008 | 02/13/2008 |

EXHIBIT 5
1 of 3

CENSURE (6)

| ATTORNEY | ADMITTED | LOCATION | DECIDED | EFFECTIVE |
|---|---|---|---|---|
| Avery, Diane S. | 1981 | Bergen | 03/18/2008 | 03/18/2008 |
| Campbell, Brian Patrick | 1986 | Hudson | 02/04/2008 | 02/04/2008 |
| Kassem, Nabil Nadim | 1994 | Passaic | 03/18/2008 | 03/18/2008 |
| Williams, Avis Cole | 1987 | Atlantic | 02/13/2008 | 02/13/2008 |
| Witherspoon, David J. | 1994 | Essex | 02/13/2008 | 02/13/2008 |
| Wood, Nancy R. | 1988 | Burlington | 02/13/2008 | 02/13/2008 |

PUBLIC REPRIMAND (7)

| ATTORNEY | ADMITTED | LOCATION | DECIDED | EFFECTIVE |
|---|---|---|---|---|
| Abramowitz, Arnold M. | 1976 | Essex | 02/13/2008 | 02/13/2008 |
| Colby, Maxwell X. | 1975 | Monmouth | 02/05/2008 | 02/05/2008 |
| Mc Coy, Vera | 1986 | Camden | 02/04/2008 | 02/04/2008 |
| Nichols, James D. | 1971 | Middlesex | 01/15/2008 | 01/15/2008 |
| Philpitt, Stephen R. | 1972 | Middlesex | 02/26/2008 | 02/26/2008 |
| Servin, Jeffrey D. | 1977 | Camden | 02/26/2008 | 02/26/2008 |
| Wolff, Jack L. | 1970 | Morris | 03/18/2008 | 03/18/2008 |

ADMONITION (9)

| ATTORNEY | ADMITTED | LOCATION | DECIDED | EFFECTIVE |
|---|---|---|---|---|
| Deni, William P. | 1972 | Hunterdon | 01/23/2008 | 01/23/2008 |
| Levin, Harry J. | 1983 | Ocean | 01/15/2008 | 01/15/2008 |
| Oxfeld, Sanford R. | 1973 | Essex | 03/28/2008 | 03/28/2008 |
| Palmer, Michael J. | 1991 | Passaic | 03/06/2008 | 03/06/2008 |
| Parker, Fred Muller Jr. | 1999 | Cumberland | 03/17/2008 | 03/17/2008 |
| Ruchalski, Karen E. | 2001 | Passaic | 03/28/2008 | 03/28/2008 |
| Schoenwetter, Todd E. | 1993 | Camden | 02/01/2008 | 02/01/2008 |
| Shabel, Norman J. | 1969 | Burlington | 02/01/2008 | 02/01/2008 |
| White, Lewis N. III | 1970 | Middlesex | 01/23/2008 | 01/23/2008 |

TOTAL FINAL DISCIPLINE ........................................................................... 50


TEMPORARY SUSPENSION (7)

| ATTORNEY | ADMITTED | LOCATION | DECIDED | EFFECTIVE |
|---|---|---|---|---|
| Bosworth, Kevin M. | 1979 | Hudson | 03/18/2008 | 03/18/2008 |
| Brónson, Larry | 1970 | New York | 01/22/2008 | 01/22/2008 |
| Glasner, Edmund Paul | 1985 | Ocean | 01/14/2008 | 01/14/2008 |
| Masson, Eugene D. | 1981 | Morris | 02/13/2008 | 02/13/2008 |
| Montefusco, John J. | 1966 | Morris | 02/20/2008 | 02/20/2008 |
| Payne, David M. | 1986 | Sussex | 01/22/2008 | 01/22/2008 |
| Perris, Nina E. | 1985 | Mercer | 03/06/2008 | 03/06/2008 |

TOTAL TEMPORARY DISCIPLINE ........................................................................... 7



EXHIBIT 5
2 of 3

Case 1:17-cv-01344-LTB Document 1 Filed 06/02/17 USDC Colorado Page 21 of 23
Case 1:11-cv-01198-RBJ-BNB Document 1 Filed 05/04/11 USDC Colorado Page 22 of 24
jeffreydservin
Page 1 of 2



# Jeffrey D. Servin, Esquire

1500 Market Street, 12th Floor - East Tower, Centre Square - Philadelphia, PA 19102

PH: 215-665-1212          FAX: 215-654-0357          Email Address:
                          JDServin@comcast.net



## Explanation of Misleading New Jersey Information Regarding Short Suspension,etc.

In an ironically "twisted way" this came about because I passed the Bar Exam back in 1974. too high. Let me explain. Back in 1974 if you passed the Pennsylvania Bar Exam high enough you could waive over and be licensed in New Jersey without taking the New Jersey Bar Exam. Fortunately I was able to do this. Over the years my practice was 95% in Pennsylvania and the balance in New Jersey. I wanted to maintain my license because I anticipated that someday I might retire at the Shore and over the years I did have some New Jersey work. It turns out that the New Jersey license was a lot more aggravation than it was worth. It has now come back to be an issue because of "Google" and their search engine capabilities

In 2003 my license was suspended for a period of three months with respect to the State of New Jersey only. I was licensed in New Jersey and Pennsylvania. This was an unusual situation which did not involve any malpractice or any substantive wrongful conduct; rather it was a result of a political issue which had been bouncing back and forth between Pennsylvania and New Jersey for a number of years. This revolved around the issue that New Jersey then had a requirement that you must have a "bona fide" office in New Jersey in order to practice law there. Pennsylvania does not have the same requirement. Over the years, New Jersey had been incredibly "picayune" about this issue (i.e. whether I had an individual office, whether I had an individual office with a lock on the door, etc.) and has been a legal "political" issue between PA and New Jersey, to try and keep PA lawyers from "coming across the river" and taking business away from New Jersey lawyers. Ultimately, my suspension came about in connection with the small number of calls I was getting in New Jersey, those calls were call-forwarded to my office in Pennsylvania instead of physically actually being answered in New Jersey. It was ultimately for this reason that I was suspended in New Jersey for three months.

Ironically, just before I was suspended, New Jersey actually did away with the "bona fide office rule" and it no longer exists. I ultimately decided, not to renew my license in New Jersey as there was limited business there. This issue has not affected my license in Pennsylvania, in any way, which does not have this requirement. In any event. the above is a rather aberrational, non-substantive situation

Additionally, a second referenced item is also highly misleading and completely benign; I am refering to the reference to "comingling of funds", which certainly needs a complete explanation. This occurred approximately 18 years ago. At the time I had two bank accounts in New Jersey; one escrow account and one business account. Unfortunately at

*EXHIBIT 6*
*10 2 )*

jeffreydservin                                                                                          Page 2 of 2

the time the color of the checks from those accounts were exectly the same, light blue. On one occassion, and one occassion only. I mistakenly wrote a check for $200.00 to pay a bill out of my escrow account thinking it was my business account, because they were the same color. This was a mistake I never made again, as I made sure that my escrow account and my business account checks were different colors. In any event, about two years later during a routine audit by the State of New Jersey, they discovered this error. An important factor in this situation is, at the time, all the money in my escrow account was my own. Therefore not one penney of clients money was effected.   This is a continued example of New Jersey's continued effort to harrass Pennsylvania lawyers and is part of the basic political fight between Pennsylvania and New Jersey.

In closing, I want to say, that I have been practicing for over 30 years, I've never had a quarter out of place, and among the people who know me, I have an excellant reputation.  For those who know me , you can imagine my frustration at the negative false impression the above two entries give.

In that regard, I would appreciate it that if Google leads you to my name and above two citations, that you give me a call after you've read this explanation just so that I know that it is being effectively linked to the above misleading items.

Again I thank you in advance for your consideration and cooperation and I trust that we can continue to have a fruitful and friendly relationship.   In any event, If you have any questions with regard to the above please contact me to discuss this in person

                                    Thank you,

                     Jeffrey D. Servin, Esquire

EXHIBIT 6
272
http://sites.google.com/site/jeffreydservin/                                              4/26/2011

## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Vicki Dillard Crowe,

Plaintiff,                                                  Case No.

Vs.

Jeffrey D. Servin, Esq. &

Servin Associates,

Defendants.

---

### AFFIDAVIT IN SUPPORT OF COMPLAINT/
### ACKNOWLDEGEMENT OF PRIOR CIVIL CASES

---

Vicki Dillard Crowe, *pro se* Plaintiff states the following:

➢ She is of lawful age

➢ The information provided in this Complaint is filed in good faith and is by no means frivolous

➢ This Complaint is accurate to the very best of her knowledge

➢ Judge Jackson in Case No. 11-CV-1198 permits Plaintiff to re-file this lawsuit

➢ Prior civil cases filed within this district are: 09cv1987; 07cv02506;07cv2172; 07cv2593; 2564; 08-680; 09cv03008; 11cv1198

Respectfully submitted this 2nd day of June, 2017.

_____
                Vicki Dillard Crowe

**EXHIBIT 7**