IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 17-cv-01344-GPG

VICKI DILLARD CROWE,

      Plaintiff,

v.

JEFFREY D. SERVIN, Esq., and
SERVIN ASSOCIATES,

      Defendants.

---

ORDER OF DISMISSAL

---

Plaintiff, Vicki Dillard Crowe, resides in Glendale, Colorado.  On June 2, 2017,

Ms. Crowe initiated this action by filing *pro se* a Complaint.  (ECF No. 1).

On July 17, 2017, Magistrate Judge Gordon P. Gallagher reviewed the Complaint

pursuant to D.C.COLO.LCivR 8.1(a) and determined that it was deficient because the

face of the pleading indicated that Plaintiff's claims under the Racketeer Influenced and

Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962, *et. seq.*, are time-barred.  (ECF

No. 8).  Consequently, Ms. Crowe was directed to show cause, within 30 days of the

July 17 Order, why her Complaint should not be dismissed as untimely.  Plaintiff filed a

Response to Order to Show Cause on August 16, 2017.  (ECF No. 9).

Ms. Crowe has been granted leave to proceed *in forma pauperis* pursuant to 28

U.S.C. § 1915.   Under § 1915(e)(2)(B), the Court must dismiss the action if Plaintiff's

claims are frivolous or malicious.  A legally frivolous claim is one in which the plaintiff

asserts the violation of a legal interest that clearly does not exist or asserts facts that do

not support an arguable claim.  *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989).

The Court must construe Plaintiff's Complaint liberally because she is not

represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v.

Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be an

advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.   For the reasons discussed

below, this action will be dismissed.

## I.  Background

On June 2, 2017, Ms. Crow filed *pro se* a Complaint (ECF No. 1) asserting a

cause of action for civil remedies under RICO.   As predicate RICO acts, Plaintiff alleges

that Defendants committed mail fraud, wire fraud, and bank fraud, in violation of 18

U.S.C. §§ 1341, 1343, and 1344, respectively.  In support of her RICO claim, Ms.

Crowe alleges that in May 2007, she entered into a contract with the Defendants for

"financing of a property to include religious and community purposes." (ECF No. 1 at 2).

She states that she wired funds in excess of the amount required by the contract to

Defendant Servin and that he fraudulently refused to refund the money to her after she

attempted to cancel the contract.  Ms. Crowe asserts that she was "defrauded of money

from her banking institution by the Defendants, who were in direct receipt of the wired

funds."  (*Id.* at 3).  She further asserts that the "Defendants recklessly and deliberately

used the wiring system and FedEx to advance their scheme."  (*Id.* at 4).

Ms. Crowe previously filed a RICO action against the same Defendants in May

2011.  *See Vicki Dillard v. Jeffrey D. Servin, et al.*, Case No. 11-cv-01198-RBJ-BNB.

The prior action was dismissed without prejudice on February 4, 2013 because of

Plaintiff's failure to prosecute.  (Case No. 11-cv-01198-RBJ-BNB, at ECF No. 55).  On

May 3, 2017, Ms. Crowe filed a Motion to Re-Open Case.  (*Id.* at ECF No. 61).  The

motion was denied in a May 4, 2017 text entry order.  (*Id.* at ECF No. 62).  Ms. Crowe

thereafter filed the instant action on June 2, 2017.

## II.  Analysis

Ms. Crow seeks civil remedies under RICO.  The statute provides, in pertinent

part, that "[a]ny person injured in his business or property by reason of a violation of

section 1962 of this chapter may sue therefor in any appropriate United States district

court and shall recover threefold the damages he sustains and the cost of the suit,

including a reasonable attorney's fee. . . ."   18 U.S.C. § 1964(c).  Section 1962 contains

RICO's criminal prohibitions.  Relevant here is § 1962(c), which makes it "unlawful for

any person employed by or associated with" an enterprise engaged in or affecting

interstate or foreign commerce "to conduct or participate, directly or indirectly, in the

conduct of such enterprise's affairs through a pattern of racketeering activity." The term

"racketeering activity" is defined to certain predicate acts, including any acts that are

indictable under § 1341 (mail fraud); § 1343 (wire fraud); and, § 1344 (financial

institution fraud).   18 U.S.C. § 1961(1)(B).

Civil RICO damages claims are subject to a four-year limitations period.  *See*

*Rotella v. Wood*, 528 U.S. 549, 552 (2000); *Agency Holding Corp. v. Malley–Duff &*

*Assocs.*, 483 U.S. 143, 156 (1987).   The RICO statute does not provide an accrual rule.

However, the Supreme Court has recognized that either the injury-discovery rule or the

injury-occurrence rule applies.  *See Rotella*, 528 U.S. at 553-54; *Dummar v. Lummis*,

543 F.3d 614, 621 (10th Cir. 2008).   Even if a discovery accrual rule applies, it is the

"discovery of the injury, not discovery of the other elements of a claim, is what starts the clock."  *Rotella*, 528 U.S. at 553-54.

In this case, Plaintiff discovered her RICO injury sometime before May 2011, when she filed her first lawsuit that was dismissed without prejudice for failure to prosecute.  She filed the instant action more than six years later, in June 2017.  Consequently, the face of the Complaint indicates that the RICO claim is time-barred.

The Court may *sua sponte* dismiss a claim as time-barred if the time bar is clear from the face of the pleading.  *See Fratus v. Deland,* 49 F.3d 673, 674-75 (10th Cir.1995) ("[T]he district court may consider affirmative defenses sua sponte" for purposes of dismissal under § 1915 "only when the defense is obvious from the face of the complaint and no further factual record is required to be developed.") (quotations, alterations omitted).  *See also Ervin v. Carbon County Sheriff's Dept.*, No.  14-8079, 597 F. App'x 1009, 1010 (10th Cir. March 11, 2015) (unpublished) (affirming *sua sponte* dismissal of *pro se* complaint as time-barred pursuant to 28 U.S.C. § 1915, citing *Fratus*).

Although the Complaint shows that this action was filed outside the four-year limitation period, the Supreme Court has indicated that equitable tolling may be available under RICO.  *See Rotella*, 528 U.S. at 560-61.  A litigant seeking equitable tolling must establish: "(1) that [s]he has been pursuing h[er] rights diligently, and (2) that some extraordinary circumstances stood in h[er] way." *Barnes v. United States*, 776 F.3d 1134, 1150 (10th Cir. 2015).  Therefore, Ms. Crowe was directed to show cause why this action should not be dismissed as untimely.

In her Response to Show Cause Order, Ms. Crowe maintains that equitable tolling of the limitations period is appropriate because District Judge Jackson dismissed her prior case without prejudice and "directed Plaintiff to file when she was released from federal custody and better able to litigate the case." (*Id.* at 1).  Plaintiff also relies on a May 4, 2017 text entry order in No. 11-cv-01198-RBJ-BNB, in which Judge Jackson denied her motion to re-open and stated that "the dismissal [without prejudice] does not preclude plaintiff's filing a new case." (*See* ECF No. 9 at 2; *see also* Case No. 11-cv-01198-RBJ-BNB, at ECF No. 62).   Ms. Crowe asserts that "she was specifically directed by the Court to re-litigate the matter when she was released from federal custody," and, therefore, this action is not time-barred.  (ECF No. 9 at 2).

In the habeas corpus context, the Supreme Court has indicated that equitable tolling of a federal statute of limitation may be appropriate if a plaintiff is "affirmatively misled" by the district court.  *Pliler v. Ford*, 542 U.S. 225, 234 (2004) (remanding case for consideration of equitable tolling given the Ninth Circuit Court of Appeals' "concern that respondent had been affirmatively misled" by the district court); *see also id.* at 235 (O'Connor, J., concurring) ("[I]f the petitioner is affirmatively misled, either by the Court or by the State, equitable tolling might well be appropriate.").  However, a federal district court is not compelled to warn a *pro se* litigant that the statutory limitation period may bar a future action if his or her pending case is dismissed without prejudice.  *Id.* at 231.  This is so because "[d]istrict judges have no obligation to act as counsel or paralegal to pro se litigants" and "[r]equiring district courts to advise a pro se litigant in such a manner would undermine district judges' role as impartial decisionmakers."  *Id.*

To the extent Ms. Crowe is attempting to show that she was affirmatively misled by the district court, she has mischaracterized Judge Jackson's February 4, 2013 dismissal order issued in Case No. 11-cv-01198-RBJ-BNB.   Contrary to Plaintiff's assertion, Judge Jackson did not direct her to re-file after she was released from custody and better able to prosecute the action.   Instead, Judge Jackson took judicial notice that Plaintiff had been convicted of numerous counts of mail and wire fraud by this Court in *United States v. Vicki Dillard Crowe*, Criminal Action No. 10CR170, and was sentenced to a five year prison term, followed by three years of supervised release. (No. 11-cv-01198-RBJ-BNB, ECF No. 55 at 2; *see also* Criminal Action No. 10CR170, 10/11/12 Judgment, at ECF No. 177)).   Judge Jackson then stated:

> I am aware that incarceration has an impact on one's ability to participate in civil litigation.  However, the files of the court are thick with cases being prosecuted by individuals incarcerated in both federal and state institutions.   In her response to this Court's order to show cause, Ms. Dillard suggests a stay until March 4, 2013 without explaining the significance of that date.  More importantly, her proposal to require monthly status reports on her ability to prosecute the case amount to the potential of an indefinite stay until she feels able and willing to resume the responsibilities that fall on civil litigants, including pro se litigants. Meanwhile she has her criminal appeal and another civil case in this court requiring her time and attention.
> . . .
> In view of all the circumstances, the Court dismisses this case without prejudice for failure to prosecute. . . . . .

(*Id.* at 2-3).

There is no language in the February 4, 2013 dismissal order which can be construed reasonably as a directive to Ms. Crowe to re-file her RICO case upon release from prison.  Instead, Judge Jackson recognized that Plaintiff's incarceration did not necessarily prevent her from prosecuting the action and that she had failed to demonstrate good cause for her failure to do so.  Further, there are no statements in the

dismissal order suggesting that any future RICO action would be deemed timely.  And, under *Pliler*, Judge Jackson was not obligated to warn Plaintiff in 2013 that her claims were subject to a four-year limitation period.    *See also Hall*, 935 F.2d at 1110 ("[W]e do not believe it is the proper function of the district court to assume the role of advocate for the pro se litigant."); *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (the court construes a *pro se* litigant's filings liberally, but does not act as an advocate).  In sum, the Court finds that the February 4, 2013 dismissal order in No. 11-cv-01198-RBJ-BNB did not affirmatively mislead Ms. Crowe into believing that she could wait to file a new RICO action until her release from prison, or that any new action would be deemed timely.

Moreover, the four-year limitation period had already passed at the time Judge Jackson issued the May 4, 2017 text entry order in Case No. 11-cv-01198-RBJ-BNB denying Plaintiff's motion to re-open the case and stating that the February 2013 dismissal was "without prejudice."  (*See* No. 11-cv-01198-RBJ-BNB, at ECF No. 62). As such, the 2017 order could not have affirmatively misled Ms. Crowe into believing that any new action, filed six years after the initial action was commenced, and more than four years after it was dismissed, would be timely.

The Court further finds that Ms. Crowe has failed to demonstrate any other basis for equitable tolling.  It is well established that neither ignorance of the law nor incarceration warrant equitable tolling of a federal limitations period.  *See, e.g., Marsh v. Soares,* 223 F.3d 1217, 1220 (10th Cir. 2000) ("ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing") (internal quotation marks and citation omitted); *Miller v. Marr,* 141 F.3d 976, 978 (10th Cir. 1998)

(equitable tolling not justified by fact that petitioner simply did not know about statutory time limitation).

And, finally, equitable tolling is not warranted unless Plaintiff alleges with specificity the steps she took to diligently pursue her federal claims.  *See Yang v. Archuleta*, 525 F.3d 925, 930 (10th Cir. 2008); *see also Barnes*, 776 F.3d at 1150.  Ms. Crowe asserts in her response to order to show cause that "notwithstanding her limiting custody circumstance, she was willing to proceed in the original case."  (ECF No. 9 at 1).[1]  However, Plaintiff has not stated any specific facts to demonstrate that she was diligent in pursuing her federal rights while she was incarcerated.

It is obvious from the face of the Complaint that the RICO claims are barred by the applicable four-year limitation period.  Because Ms. Crowe has failed to demonstrate an arguable basis for equitable tolling, this action will be dismissed as untimely.

**III. Orders**

For the reasons discussed above, it is

ORDERED that the Complaint (ECF No. 1) and this action are DISMISSED WITH PREJUDICE as time-barred.  It is

---

[1] The Court notes that the timeliness issue was not raised or determined in the earlier action.  Because Plaintiff complains of conduct that began in 2007, the four-year limitation period may have already expired at the time the first action was dismissed in February 2013.   In that circumstance, the dismissal without prejudice may have effectively operated as a dismissal with prejudice.  *See  AdvantEdge Business Group v. Thomas E. Mestmaker*, 552 F.3d 1233, 1236 (10th Cir. 2009) (recognizing that "a dismissal without prejudice can have the practical effect of a dismissal with prejudice if the statute of limitations has expired") (citing *Gocolay v. N.M. Fed. Sav. & Loan Ass'n*, 968 F.2d 1017, 1021 (10th Cir.1992)).  But a *pro se* plaintiff is obliged to know the law applicable to her claims.  *See McNeil v. United States*, 508 U.S. 106, 113 (1993) (pro se status does not excuse a litigant's obligation to comply with the requirements of substantive law).  Therefore, if Ms. Crowe was concerned at the time the dismissal order was issued in No. 11-cv-01198-RBJ-BNB that any future relief might be foreclosed and that dismissal of the action was unwarranted, her remedy was to appeal the dismissal to the Tenth Circuit Court of Appeals.

9

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is

denied for the purpose of appeal.  The Court certifies pursuant to 28 U.S.C.

§ 1915(a)(3) that any appeal from this order would not be taken in good faith.  *See*

*Coppedge v. United States*, 369 U.S. 438 (1962).  If Ms. Crowe files a notice of appeal

she must also pay the full $505 appellate filing fee or file a motion to proceed *in forma*

*pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in

accordance with Fed. R. App. P. 24.

DATED September 8, 2017, at Denver, Colorado.

BY THE COURT:


s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court