FILED  
United States Court of Appeals  
Tenth Circuit

**January 25, 2018**

Elisabeth A. Shumaker  
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

VICKI DILLARD CROWE,

    Plaintiff - Appellant,

v.

JEFFREY D. SERVIN, Esq.; SERVIN ASSOCIATES,

    Defendants - Appellees.

No. 17-1356  
(D.C. No. 1:17-CV-01344-LTB)  
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **LUCERO**, **BALDOCK**, and **MORITZ**, Circuit Judges.

_____

Proceeding pro se,[1] Vicki Dillard Crowe appeals the district court's order dismissing her complaint as untimely. Crowe also requests leave to proceed in forma pauperis (IFP) on appeal. We affirm the district court's dismissal of her complaint and deny her IFP motion.

---

[*] After examining the appellant's brief and the appellate record, this panel has determined unanimously that oral argument wouldn't materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment isn't binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. But it may be cited for its persuasive value. *See* Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

[1] We liberally construe pro se pleadings, but we won't act as Crowe's advocate. *See James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013).

In June 2017, Crowe filed a pro se complaint against defendants Jeffrey Servin and Servin Associates under the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961–68. Crowe alleged that in May 2007, the defendants fraudulently solicited funds from her as part of a real-estate financing agreement. She further asserted that the defendants' actions amounted to mail, wire, and bank fraud.

This is Crowe's second RICO action against these defendants. She filed the first action in May 2011, but the district court dismissed it without prejudice for failure to prosecute. *Dillard v. Servin*, No. 11-cv-01198-RBJ-BNB, slip op. at 3 (D. Colo. Feb. 4, 2013). At the time, Crowe asserted that she couldn't pursue the case because she was serving a federal sentence for a December 2012 mail-fraud conviction. *See id.* at 2. In May 2017, after her release from prison, Crowe filed a motion to reopen the 2011 case. The district court denied the motion, explaining that it "does not 'reopen' a dismissed case." R. 37. So Crowe filed the complaint at issue here.

The district court sua sponte concluded that Crowe's claims were time-barred. The statute of limitations for civil RICO claims is four years from either the discovery of the injury or the date the injury occurred. *See Dummar v. Lummis*, 543 F.3d 614, 621 (10th Cir. 2008). The district court reasoned that Crowe must have discovered her injury no later than May 2011, when she filed her first RICO action against these defendants. So it concluded that the claims in this case—filed more than six years later—fell well outside the four-year statute of limitations.

As such, the district court ordered Crowe to explain why her claims weren't time-barred and noted that equitable tolling could extend the four-year statute of limitations. *See Rotella v. Wood*, 528 U.S. 549, 560–61 (2000) (noting that RICO's statute of limitations is subject to equitable tolling). Crowe responded and argued for equitable tolling. But the district court concluded that she hadn't shown (1) that she'd been affirmatively misled by the court or (2) that any other grounds for equitable tolling existed. So it dismissed Crowe's complaint. *See* 28 U.S.C. § 1915(e)(2) (requiring district court to dismiss IFP complaint "at any time" if it's frivolous or fails to state a claim); *Fratus v. DeLand*, 49 F.3d 673, 674–75 (10th Cir. 1995) (noting that district court can dismiss IFP complaint based on affirmative defense like statute of limitations if defense is obvious from face of complaint). It also denied Crowe leave to proceed IFP on appeal, finding that the appeal wouldn't be taken in good faith. *See* § 1915(a)(3).

Crowe appeals, arguing that she's entitled to equitable tolling because the district court that dismissed her first RICO complaint affirmatively misled her about her ability to refile the case. We generally review de novo a district court's dismissal of an IFP complaint like Crowe's. *See Vasquez Arroyo v. Starks*, 589 F.3d 1091, 1094 (10th Cir. 2009). But Crowe's challenge to the district court's decision focuses entirely on the equitable-tolling question. And we review a "district court's refusal to apply equitable tolling for an abuse of discretion." *Barnes v. United States*, 776 F.3d 1134, 1149–50 (10th Cir. 2015) (quoting *Alexander v. Oklahoma*, 382 F.3d 1206, 1215 (10th Cir. 2004)). Thus, we consider whether the district court's refusal to apply

equitable tolling was "arbitrary, capricious, . . . whimsical, or . . . manifestly unreasonable." *United States v. Weidner*, 437 F.3d 1023, 1042 (10th Cir. 2006) (quoting *Moothart v. Bell*, 21 F.3d 1499, 1504–05 (10th Cir. 1994)).

A litigant seeking equitable tolling must show "(1) that [s]he has been pursuing [her] rights diligently, and (2) that some extraordinary circumstances stood in [her] way." *Barnes*, 776 F.3d at 1150 (quoting *Credit Suisse Sec. (USA) LLC v. Simmonds*, 566 U.S. 221, 227 (2012)). A litigant can satisfy the extraordinary-circumstances requirement by demonstrating that a district court affirmatively misled him or her by, for example, providing the litigant with inaccurate instructions. *Pliler v. Ford*, 542 U.S. 225, 234 (2004) (remanding to consider equitable tolling in light of concerns that district court "affirmatively misled" plaintiff); *see also Spottsville v. Terry*, 476 F.3d 1241, 1245, 1245–46 (11th Cir. 2007) (applying equitable tolling when state habeas court affirmatively misled petitioner by instructing him to file his appeal with wrong court).

Crowe argues that the district court affirmatively misled her when it dismissed her first RICO case, maintaining that the court "directed" her to refile the case when she was released from prison. Aplt. Br. 6. But she points to nothing in the record to support this assertion. True, in the dismissal order, the district court commented on the effect of incarceration on a civil litigant, stating, "I am aware that incarceration has an impact on one's ability to participate in civil litigation." *Dillard*, No. 11-cv-01198-RBJ-BNB, slip op. at 2. But the court then went on to note that its files are nevertheless "thick with cases being prosecuted by individuals incarcerated in both

federal and state institutions." *Id.* In other words, the court concluded that Crowe's incarceration didn't excuse her failure to prosecute.

Nor did the district court direct Crowe to refile at a later time simply by dismissing the case without prejudice. A dismissal without prejudice just means that the plaintiff isn't barred "from refiling the lawsuit *within the applicable limitations period*." *Dismissal*, Black's Law Dictionary (10th ed. 2014) (emphasis added). It doesn't absolve Crowe of the legal requirement of filing within the applicable statute of limitations. *Cf. AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc.*, 552 F.3d 1233, 1236 (10th Cir. 2009) ("This court has recognized that a dismissal without prejudice can have the practical effect of a dismissal with prejudice if the statute of limitations has expired.").

Crowe also suggests that the district court affirmatively misled her when it denied her motion to reopen her 2011 case. The order denying that motion stated, "The [c]ourt is glad to hear that things are going better for Ms. Crowe now. However, the case was dismissed. 'Without prejudice' means that the dismissal itself does not preclude [Crowe's] filing a new case. But, the [c]ourt does not 'reopen' a dismissed case." R. 37.

Nothing in this language directed Crowe to refile or promised her success if she did so. Moreover, as the district court in this case pointed out, "the four-year limitation period had already passed" at the time of that order. R. 44. "As such, the 2017 order could not have affirmatively misled Ms. Crowe into believing that any

5

new action, filed six years after the initial action was commenced, and more than four years after it was dismissed, would be timely." *Id.*

Emphasizing her pro se status and urging us to read her pleadings liberally, Crowe insists that she has shown at least a "misunderstanding" about what the district court told her when it dismissed her 2011 case and later denied her motion to reopen it. Aplt. Br. 3; *see Haines v. Kerner*, 404 U.S. 519, 520 (1972) (noting less stringent standard for pro se pleadings). But a misunderstanding isn't reason enough to equitably toll the statute of limitations. *See Ford v. Pliler*, 590 F.3d 782, 789 (9th Cir. 2009) (noting that a pro se litigant's "misunderstanding of accurate information cannot merit relief"); *cf. Pliler*, 542 U.S. at 231 (holding that federal district judges aren't required to warn pro se litigants about statutes of limitations); *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) ("[I]gnorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing." (quoting *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999))). No matter how liberally we construe Crowe's pleadings, she points to nothing in the dismissal order or elsewhere in the record to support her assertion that the district court "directed [her] to file when she was released from federal custody and better able to litigate the case." Aplt. Br. 6.

In sum, Crowe hasn't shown that the district court affirmatively misled her. *See Pliler*, 542 U.S. at 231. Nor has she either argued or shown (1) that she has diligently pursued her rights or (2) that other extraordinary circumstances stood in her way. *See Barnes*, 776 F.3d at 1150. Instead, more than four years elapsed

between the date on which the district court dismissed her initial claims and the date on which she filed the instant complaint. And while she was incarcerated for much of that time, there's nothing extraordinary about litigating from prison; on the contrary, courts routinely process cases brought by prisoners. Thus, the district court didn't abuse its discretion in refusing to equitably toll the statute of limitations.

We affirm the district court's judgment. As a final matter, we deny Crowe's motion to proceed IFP because she fails to present a nonfrivolous argument on appeal. *See Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005) (stating that "in order to succeed on a motion to proceed IFP, the movant must show a financial inability to pay the required filing fees, as well as the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised in the action").

                                        Entered for the Court

                                        Nancy L. Moritz
                                        Circuit Judge

# UNITED STATES COURT OF APPEALS
# FOR THE TENTH CIRCUIT
# OFFICE OF THE CLERK

Byron White United States Courthouse
1823 Stout Street
Denver, Colorado 80257
(303) 844-3157

Elisabeth A. Shumaker  
Clerk of Court

January 25, 2018

Chris Wolpert  
Chief Deputy Clerk

Vicki Dillard Crowe
P.O. Box 460473
Glendale, CO 80246

**RE:** 17-1356, Crowe v. Servin, et al
Dist/Ag docket: 1:17-CV-01344-LTB

Dear Appellant:

Enclosed is a copy of the order and judgment issued today in this matter. The court has entered judgment on the docket pursuant to Fed. R. App. P. Rule 36.

Please contact this office if you have questions.

Sincerely,

Elisabeth A. Shumaker
Clerk of the Court

EAS/na